UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS MCDANIEL,<br><br>                  Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>                  Respondent. | CASE NO. 3:24-CV-5243-RSM-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 3, 2024 |

      Petitioner Dennis McDaniel, proceeding *pro se*, filed this federal habeas action pursuant to 28 U.S.C. § 2254 on March 29, 2024. Dkt. 1. On March 21, 2024, Petitioner initiated a separate case under § 2254 challenging the same underlying state conviction that he challenges in this case. *See McDaniel v. Bennett*, Case No. 3:24-cv-5223-DGE-GJL ("original case"). As Petitioner is challenge the underlying state conviction in both this case and the original case, the Court recommends this case be dismissed as duplicative.

      Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After

REPORT AND RECOMMENDATION - 1

weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

The Ninth Circuit has held that a later-filed habeas petition should generally be considered a motion to amend an earlier-filed pending habeas petition. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Petitioner's original case has not proceeded past the initial filing; it has not yet been screened and Petitioner can file an amended petition to bring all his claims in the original case. As Petitioner has the opportunity to bring all his claims under cause number 3:24-cv-5223-DGE-GJL, the Court has discretion to dismiss this matter as duplicative. Therefore, the undersigned recommends the IFP Application (Dkt. 4) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 3, 2024, as noted in the caption.

Dated this 15th day of April, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2